**CHOCTAW NATION**

v.

**UNITED STATES.**

No. 181–53.

United States Court of Claims.
Feb. 2, 1954.

**366**

W. F. Semple, Tulsa, Okl., Reuel W. Little, Madell, Okl., and Charles R. Nesbitt, Oklahoma City, Okl., on the briefs, for plaintiff.

Howard O. Sigmond, Washington, D. C., J. Edward Williams, Acting Asst. Atty. Gen., for defendant.

Before JONES, Chief Judge, and LITTLETON, WHITAKER, and MADDEN, Judges.

PER CURIAM.

This is an action by the Choctaw Nation to recover the sum of $1,000,000 as just compensation under the Fifth Amendment to the Constitution for an alleged partial taking of certain lands of the Nation arising out of the construction by the United States of the Denison Dam and the impounding of the waters of Lake Texoma.

Defendant has filed a motion to dismiss plaintiff's petition on the ground that this court lacks jurisdiction over the claim asserted. Defendant says that under the provisions of the Indian Claims Commission Act, 60 Stat. 1049, 25 U.S.C.A. § 70, the Commission was given original jurisdiction of all claims of the character here asserted arising prior to August 13, 1946, and that it was further provided that no claim existing before that date and not presented to the Commission prior to August 13, 1951 could thereafter be considered by any court or administrative agency; and that consequently this court has no jurisdiction in this case, since, it alleges, the cause of action arose before August 13, 1946.

We are presently of the opinion, although we do not finally decide the question, that we have no jurisdiction if the cause of action accrued before August 13, 1946, and this, notwithstanding Private Law 1015, 82d Congress, 2d Session, 66 Stat. A209.[1] On the other hand, we think we possibly have jurisdiction because of the said Private Law, if the cause of action arose after August 13, 1946. It is, therefore, necessary that the date of the accrual of the cause of action be established.

There is no allegation in the petition from which this date can be determined. It does appear from defendant's memorandum in support of the motion to dismiss, and plaintiff apparently does not dispute this, that the waters impounded upon the completion of the Denison Dam reached the power pool level of 617.0 feet above mean sea level on March 15,

---

[1] " * * * That notwithstanding any statute of limitations or lapse of time, suits may be instituted within one year after the enactment of this Act, in the appropriate United States district court, under the provisions of subsection (a) (2) of section 1346, title 28, United States Code, or in the United States Court of Claims, in accordance with the provisions of section 1491, title 28, United States Code, by all persons who claim that their property, easements, rights in land, mineral interests, rights of ingress and egress, or other rights or interests were taken and not paid for by, or as a result of, the construction of the Denison Dam or the impounding of the waters of Lake Texoma: *Provided,* That any such claim shall be barred forever unless suit thereon is instituted within one year from the date of enactment of this Act: *Provided further,* That nothing in this Act shall be construed to create any liability against the United States not existing prior to the enactment of this Act."

1945, and that the waters reached an elevation of 629.0 feet on April 19, 1945; but it does not definitely appear that this is the maximum possible height of the waters, nor whether additional lands of plaintiff may be inundated.

The necessary facts are not before us from which we can determine the date the cause of action accrued. Accordingly, defendant's motion to dismiss is overruled, and pursuant to Rule 38(b) of the court, the case is remanded to a commissioner for the taking of evidence, limited to the issue of when the cause of action asserted in the petition accrued.